**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHRISTOPHER TURPEL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANOPY GROWTH CORPORATION, DAVID KLEIN, and JUDY HONG,<br><br>Defendants. | Case No.: 1:23-cv-04302-PAE<br><br>Hon. Paul A. Engelmayer |
| CHRISTIANN KANTNER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANOPY GROWTH CORPORATION, DAVID KLEIN, JUDY HONG, and MICHAEL LEE,<br><br>Defendants. | Case No.: 1:23-cv-06266-LGS<br><br>Hon. Lorna G. Schofield |
| COLUMBUS ALLEN JR.,<br><br>Plaintiff,<br><br>v.<br><br>CANOPY GROWTH CORPORATION, DAVID KLEIN, and JUDY HONG,<br><br>Defendants. | Case No.: 1:23-cv-05891-LTS<br><br>Hon. Laura Taylor Swain |

**MEMORANDUM OF LAW IN SUPPORT OF JAMES W. SKINNER'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

# TABLE OF CONTENTS

**Page**

I. FACTUAL BACKGROUND ........................................ 2

II. PROCEDURAL HISTORY ........................................ 4

III. ARGUMENT ........................................ 4

A. Appointing Movant as Lead Plaintiff Is Appropriate ........................................ 4

1. Movant Filed a Timely Motion. ........................................ 7

2. Movant Has the Largest Financial Interest in the Relief Sought. ........................................ 7

3. Movant Satisfies the Relevant Requirements of Rule 23. ........................................ 8

a. Movant's Claims Are Typical. ........................................ 9

b. Movant Is An Adequate Representative. ........................................ 9

B. Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ........................................ 10

IV. CONCLUSION ........................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.*,
324 F. Supp. 3d 335 (E.D.N.Y. 2018) .......... 5, 7

*In re Cendant Corp.*,
264 F.3d 201 (3d Cir. 2001).......... 9

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.*,
269 F.R.D. 291 (S.D.N.Y. 2010) .......... 8

*Eiger Biopharmaceuticals, Inc.*,
Case No. 22-cv-06985-RS, 2023 U.S. Dist. LEXIS 18551 (N.D. Cal. Feb. 3, 2023) .......... 9

*Ford v. VOXX Int'l Corp.*,
No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015).......... 7

*In re Gentiva Sec. Litig.*,
281 F.R.D. 108 (E.D.N.Y. 2012) .......... 7

*Gilbert v. Azure, et al.*,
No. 1:22-cv-7432-GHW, 2022 U.S. Dist. LEXIS 221793 (S.D.N.Y. Dec. 8, 2022) .......... 9

*In re Hebron Tech. Co. Sec. Litig.*,
C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480 (S.D.N.Y. Sep. 16, 2020).......... 6

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008) .......... 7

*Michalski v. Weber Inc., et al.*,
Case No. 1:21-cv-03966-EEB (N.D. Ill. Nov. 29, 2022).......... 10

*Patterson v. Cabaletta Bio, Inc., et al.*,
Case 2:22-cv-00737-JMY (E.D. Pa. Aug. 10, 2022) .......... 10

*Ryan v. FIGS, Inc. et al.*,
Case No. 2:22-cv-07939-ODW (KSx) (C.D. Cal. Feb. 14, 2023) .......... 9

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011).......... 8

**Statutes**

15 U.S.C. § 78u-4 .......... *passim*

**Rules**

FED. R. CIV. P. 23 .......... 1, 4, 6

James W. Skinner ("Movant") respectfully submits this memorandum of law in support of his motion ("Motion") to consolidate the above-captioned actions (the "Actions"), appoint him as lead plaintiff, and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of persons and entities that purchased or otherwise acquired Canopy Growth Corporation ("Canopy Growth" or the "Company") securities between June 1, 2021 and May 10, 2023, inclusive (the "Class" who purchased during the "Class Period")[1], concerning claims under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5), against Defendants Canopy Growth, David Klein ("Klein"), Judy Hong ("Hong"), and Michael Lee ("Lee"), (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that he is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based

---

[1] The action entitled *Turpel v. Canopy Growth Corporation, et. al.*, Case No. 1:23-cv-04302-PAE (S.D.N.Y.) (the "*Turpel* Action") defines the Class Period as May 31, 2022 through May 10, 2023, inclusive. The action styled *Kantner v. Canopy Growth Corporation, et al.*, No. 1:23-cv-06266-LGS (S.D.N.Y.) (the "*Kantner* Action") defines the Class Period as June 1, 2021 through May 10, 2023, inclusive. Movant adopts the most-inclusive Class Period defined in the *Kantner* Action, which is appropriate at this stage of the litigation. *See e.g. Ferreira v. Funko, Inc.*, No. 2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515, at *3 n.2 (C.D. Cal. June 11, 2020); *Hom v. Vale, S.A.*, 2016 U.S. Dist. LEXIS 28863, at *10 (S.D.N.Y. Mar. 7, 2016) ("[T]he Court finds that the use of the longer, more inclusive class period is proper . . . because the longer class period encompasses more potential class members and damages.").

on the substantial financial losses he suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in securities class action litigation and the experience and resources to efficiently prosecute the Actions.

## I. FACTUAL BACKGROUND[2]

Canopy Growth produces, distributes, and sells a diverse range of cannabis, hemp, and consumer packaged goods ("CPG") products for recreational and medical use. ¶ 2. The Company conducts business through its subsidiaries and a variety of joint ventures, including Tweed, Spectrum Therapeutics, Martha Stewart CBD, and BioSteel Sports Nutrition Inc. ("BioSteel"). *Id.* BioSteel is a sports nutrition and hydration brand originally formulated for professional athletes. *Id.*

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. ¶ 5. Specifically, Defendants failed to disclose to investors: (1) that there were material weaknesses in the Company's internal controls over accounting and financial reporting; (2) that, as a result, the Company improperly booked sales of its BioSteel business unit; (3) that, as a result, the Company's revenue was overstated; and (4) that, as a result of the

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Turpel* Complaint") filed in the *Turpel* Action. Citations to "*Kantner* ¶ __" are to paragraphs of the Class Action Complaint (the "*Kantner* Complaint") filed in the *Kantner* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Turpel* and *Kantner* Complaints. The facts set forth in the *Turpel* and *Kantner* Complaints are incorporated herein by reference.

foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id.*

Before the market opened on February 9, 2023, Canopy Growth announced its financial results for the third quarter of the Company's fiscal year 2023. *Kantner* ¶ 5. Among other results, that press release reported third quarter GAAP earnings per share ("EPS") of -C$0.54, missing consensus estimates by C$0.31, and revenue of C$101.2 million, representing a year-over-year decrease of 28.2% and missing consensus estimates by C$15.16 million. *Id.* The Company also disclosed new cost-reduction initiatives, including, among other things, "transitioning to an asset-light model", "the organizational restructuring of certain corporate functions," and "significantly reducing the overall size of [the Company's] organization." *Id.* In discussing the results, the Company also disclosed that "[g]ross margin in Q3 FY2023 was impacted primarily by [inter alia] . . . lower gross margins in the BioSteel business segment primarily attributable to the write-down of aged inventory"; that "the decrease in Sales and Marketing expenses is net of the impact of incremental investments in BioSteel, relating to the activation of the National Hockey League ('NHL') partnership announced in July 2022"; and that "a 7% decrease in [free cash] outflow versus the comparable period in FY2022 . . . [was] partially offset by investments in growth initiatives at BioSteel". *Id.*

As the market digested this news, Canopy Growth's common share price dropped 17.15%, or $0.47 per share, to close on February 9, 2023 at $2.27 per share. *Kantner* ¶ 6.

After the market closed on May 10, 2023, Canopy Growth announced that its audited consolidated financial statements for the fiscal year ended March 31, 2022 and the quarters ended June 30, 2022, September 30, 2022 and December 31, 2022 should no longer be relied upon, and would need to be restated. ¶ 3. The Company also disclosed that it "identified certain trends in the

booking of sales by the [BioSteel] business unit for further review." *Id.* The Company specified that "although the BioSteel Review remains ongoing, the Company has preliminarily identified material misstatements" and that "the correction of the misstatements is expected to reduce certain revenues previously recognized." *Id.*

In response to this news, Canopy Growth's stock price declined 14.8%, or $0.18, to close on May 11, 2023 at $1.04 per share, on unusually heavy trading volume. ¶ 4.

## II. PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Turpel* Action against the Defendants. Plaintiff Christopher Turpel ("Turpel") commenced the first-filed action on May 23, 2023. On that same day, counsel acting on Turpel's behalf published a notice on *Business Wire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Adam M. Apton in Support of Movant's Motion ("Apton Decl.").

On June 21, 2023, a substantially similar action was filed against Canopy Growth in the United States District Court for the Central District of California, the *Kantner* Action. The *Kantner* Action was transferred to this district on July 20, 2023. Lastly, a third action was filed against Canopy Growth in this District on July 9, 2023, entitled *Allen v. Canopy Growth Corporation, et el.*, Case No. 1:23-cv-05891-LTS (the "*Allen* Action"). Movant has requested consolidation of the *Turpel*, *Kantner*, and *Allen* Actions.

## III. ARGUMENT

### A. Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the

motion to consolidate is rendered. 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Martingano v. Am. Int'l Grp., Inc.,* Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855, at *3-5 (E.D.N.Y. July 11, 2006) (citing *Ferrari v. Impath, Inc.,* 2004 U.S. Dist. LEXIS 13898, at *2 (S.D.N.Y. July 15, 2004)) ("In securities class action cases…courts have deemed consolidation particularly appropriate where the actions are based on the same public statements and reports, if there are common questions of law and fact and [if] the defendant will not be prejudiced…" (citation and quotations omitted)); Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

### B. Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation—having lost $756,949.64 as a result of his transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss

Chart, Ex. B to Apton Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.*, 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

**1. Movant Filed a Timely Motion.**

On May 23, 2023, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Turpel published the Press Release on *Business Wire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Canopy Growth securities that they had 60 days from the publication of the May 23, 2023 notice to file a motion to be appointed as lead plaintiff. *See* Apton Decl., Ex. C; *In re Hebron Tech. Co. Sec. Litig.*, C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480, at *6 (S.D.N.Y. Sep. 16, 2020) (finding that a notice published on *Business Wire* satisfied Rule 23).

Movant timely filed his motion within the 60-day period following publication of the May 23, 2023 Press Release and submitted herewith a sworn certification attaching his transactions in Canopy Growth securities and attesting that he is willing to serve as representative of the Class. *See* PSLRA Certification, Ex. A to Apton Decl. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

**2. Movant Has the Largest Financial Interest in the Relief Sought.**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for

appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant acquired Canopy Growth securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $756,949.64. *See* Apton Decl., Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships*, 324 F. Supp. 3d at 350.

### 3. Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.*, No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead

plaintiff stage of the litigation, Movant need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id*. at *6.

**a. Movant's Claims Are Typical.**

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at *11-13 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning Canopy Growth's business, operational and financial results violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired Canopy Growth securities during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

**b. Movant Is An Adequate Representative.**

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.*, 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated his

adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Actions, and Movant's financial losses ensure that he has sufficient incentive to ensure the vigorous advocacy of the Actions. *See* Apton Decl., Ex. B. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for 30 years. He resides in Fort Wayne, Indiana. He serves as Chairman of the Board of his family's business, Press-Seal. Further, Movant has experience hiring and overseeing attorneys. He regularly works with counsel handling routine business matters relating to Press-Seal and its 200+ employees. Therefore, Movant will prosecute the Actions vigorously on behalf of the Class. *See* Apton Decl., Ex. D, Movant's Declaration in support of his motion.

Accordingly, Movant meets the adequacy requirement of Rule 23.

**C. Approving Lead Plaintiff's Choice of Counsel Is Appropriate.**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on his behalf and has retained the firm as the Class' Lead Counsel in the event he is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on

behalf of investors. *See also e.g., Ryan v. FIGS, Inc. et al.*, Case No. 2:22-cv-07939-ODW (KSx), ECF No. 64 (C.D. Cal. Feb. 14, 2023); *Schoen v. Eiger Biopharmaceuticals, Inc.*, Case No. 22-cv-06985-RS, 2023 U.S. Dist. LEXIS 18551, at *6-7 (N.D. Cal. Feb. 3, 2023) (noting "the firm appears to have adequate experience in securities actions, as well as the resources and financial ability to be lead counsel."); *Gilbert v. Azure, et al.*, No. 1:22-cv-7432-GHW, 2022 U.S. Dist. LEXIS 221793, at *17 (S.D.N.Y. Dec. 8, 2022) (appointing Levi & Korsinsky noting the firm "is experienced in securities class action litigation" and "has been appointed by judges in this District to serve as lead counsel or co-lead counsel in other matters"); *Michalski v. Weber Inc., et al.*, Case No. 1:21-cv-03966-EEB, ECF No. 59 (N.D. Ill. Nov. 29, 2022); *Patterson v. Cabaletta Bio, Inc., et al.*, Case 2:22-cv-00737-JMY, ECF No. 10 (E.D. Pa. Aug. 10, 2022). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an Order: (1) consolidating the Actions, (2) appointing Movant as Lead Plaintiff, (3) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (4) granting such other relief as the Court may deem just and proper.

***[Signature on Following Page]***

Dated: July 24, 2023

Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: *<u>/s/ Adam M. Apton</u>*
Adam M. Apton (AS-8383)
55 Broadway, 4th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for James W. Skinner and [Proposed] Lead Counsel for the Class*