**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHRISTOPHER TURPEL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANOPY GROWTH CORPORATION, DAVID KLEIN, and JUDY HONG,<br><br>Defendants. | Case No. 1:23-cv-04302-PAE |
| COLUMBUS ALLEN JR.,<br><br>Plaintiff,<br><br>v.<br><br>CANOPY GROWTH CORPORATION, DAVID KLEIN, and JUDY HONG,<br><br>Defendants. | Case No. 1:23-cv-05891-LTS |
| CHRISTIAN KANTNER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANOPY GROWTH CORPORATION, DAVID KLEIN, JUDY HONG, and MICHAEL LEE,<br><br>Defendants. | Case No. 1:23-cv-06266-LGS |

**MEMORANDUM OF LAW OF THE CANOPY INVESTOR GROUP IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..... 1
II. SUMMARY OF THE FACTUAL ALLEGATIONS ..... 2
III. ARGUMENT ..... 4
    A. Movant Should Be Appointed Lead Plaintiff ..... 4
        1. Movant Timely Moved For Appointment as Lead Plaintiff ..... 5
        2. Movant Has the Largest Financial Interest in the Relief Sought by the Class ..... 5
        3. Movant Otherwise Satisfies the Requirements of Rule 23 ..... 6
    B. The Court Should Approve Movant's Selection Of Lead Counsel ..... 8
IV. CONCLUSION ..... 10

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Canson v. WebMD Health Corp.*,
No. 11-cv-5382 (JFK), 2011 WL 5331712 (S.D.N.Y. Nov. 7, 2011) .................................... 6

*Claghorn v. Edsaco*,
No. 98-3039-SI (N.D. Cal.) ........................................................................................... 9

*Crass v. Yalla Grp. Ltd.*,
No. 21 CIV. 6854 (PAE), 2021 WL 5181008 (S.D.N.Y. Nov. 8, 2021)................................ 7

*FPI/Agretech Securities Litigation*,
MDL No. 763 (D. Haw.)................................................................................................. 9

*Greebel v. FTP Software, Inc.*,
939 F. Supp. 57 (D. Mass. 1996) ..................................................................................... 5

*Hom v. Vale, S.A.*,
No. 15-CV-9539, 2016 WL 880201 (S.D.N.Y. Mar. 7, 2016) .............................................. 1

*In re A-Power Energy Generation Systems, Ltd. Securities Litigation*,
No. 2:11-ml-2302-GW (CWx) (C.D. Cal.)........................................................................ 9

*In re Bank of N.Y. Mellon Corp. Foreign Exch. Transactions Litig.*,
No. MD-12-2335-LAK (S.D.N.Y.) ................................................................................... 9

*In re BofI Holding Inc. Securities Litigation*,
No. 15-cv-2324 (S.D. Cal.)............................................................................................. 9

*In re Broadcom Corp. Derivative Litigation*,
No. C-06-3252 R (CWx) (C.D. Cal.)................................................................................ 9

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ......................................................................................... 8

*In re Doral Fin. Corp. Sec. Litig.*,
414 F. Supp. 2d 398 (S.D.N.Y. 2006)............................................................................... 1

*In re Drexel Burnham Lambert Group, Inc.*,
960 F.2d 285 (2d Cir. 1992)............................................................................................ 6

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
574 F.3d 29 (2d Cir. 2009)............................................................................................. 7

*In re The Boeing Co. Derivative Litigation*,
C.A. No. 2019-0907-MTZ (Del. Ch.)................................................................................ 9

*In re Wells Fargo & Co. Shareholder Derivative Litigation*,
No. 3:16-cv-05541 (N.D. Cal.) ....................................................................................... 9

*Janbay v. Canadian Solar, Inc.*,
272 F.R.D. 113 (S.D.N.Y. 2010) ..................................................................................... 6

# TABLE OF AUTHORITIES
**(continued)**

**Page(s)**

*Lax v. First Merchants Acceptance Corp.*,
No. 97 C 2715, 1997 WL 461036 (N.D. Ill. 1997) ... 5

*Micholle v. Ophthotech Corp.*,
No. 17-CV-1758 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018) ... 5, 6

*Peters v. Jinkosolar Holding Co.*,
No. 11 Civ. 7133, 2012 WL 946875 (S.D.N.Y. Mar. 19, 2012) ... 8

**STATUTES**

15 U.S.C. § (a)(3)(B)(i) ... 4

15 U.S.C. § 78j(b) ... 2

15 U.S.C. § 78t(a) ... 2

15 U.S.C. § 78u-4 (a)(3)(B)(iii) ... 2

15 U.S.C. § 78u-4(a)(1) ... 4

15 U.S.C. § 78u-4(a)(3)(A) ... 4, 5

15 U.S.C. § 78u-4(a)(3)(B) ... 4, 5, 10

15 U.S.C. § 78u-4(a)(3)(B)(ii) ... 2

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ... 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ... 8

15 U.S.C. § 78u-4(a)(3)(B)(v) ... 2, 8, 10

17 C.F.R. § 240 10b-5 ... 2

**RULES**

Fed. R. Civ. P. 23 ... 6, 8

Class members Mahmoud Ghahremanzadeh, Brett Massie, Antonio Cremonini, Sebastiano Cremonini, and Francesca Cremonini (collectively, the "Canopy Investor Group" or "Movant") respectfully submit this memorandum in support of their motion (1) to consolidate the above-captioned related actions; (2) to be appointed as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (3) for approval of Movant's selection of the law firm of Lieff, Cabraser, Heimann, & Bernstein, LLP ("Lieff Cabraser") as Lead Counsel for the class; and (4) granting such other and further relief as the Court may deem just and proper.

## I. INTRODUCTION

Presently pending in this District are three substantially similar securities class actions (the "Actions") brought on behalf of all persons who purchased or otherwise acquired the securities of Canopy Growth Corporation ("Canopy" or the "Company") during the relevant period.[1] The Actions are brought against Canopy, David Klein, Canopy's Chief Executive Officer, Judy Hong, Canopy's Chief Financial Officer ("CFO") since March 2022 and Interim CFO between November 2021 and March 2022, and Michael Lee, Canopy's CFO until November 18, 2021 (collectively "Defendants"), and allege violations of Sections 10(b) and

[1] Two of the Actions, *Christopher Turpel v. Canopy Growth Corporation, et al.*, Case No. 1:23-cv-04302-PAE and *Columbus Allen Jr. v. Canopy Growth Corporation, et al.*, Case No. 1:23-cv-05891-LTS, allege a class period of May 31, 2022 through May 10, 2023, inclusive. The third action, *Christian Kantner v. Canopy Growth Corporation*, *et al.*, Case No. 1:23-cv-06266-LGS, alleges a longer class period of May 1, 2021 through May 10, 2023, inclusive (the "Class Period"). In determining the lead plaintiff movant with the "largest financial interest" under the PSLRA, courts in this District have applied the longest, most inclusive class period alleged in related cases. *See, e.g., Hom v. Vale, S.A.*, No. 15-CV-9539, 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016); *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 402 (S.D.N.Y. 2006). The Canopy Investor Group therefore reports its financial interest based on the class period alleged in the *Kantner* action.

20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240 10b-5.

Pursuant to the PSLRA, the Court shall decide whether to consolidate the related Actions prior to selecting a Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Here, as discussed below, the Actions should be consolidated because they each allege substantially the same wrongdoing against the same Defendants and assert the same claims of relief.

As soon as practicable after consolidation, the Court is to appoint as Lead Plaintiff the movant that has demonstrated the "largest financial interest in the litigation" and that also meets the typicality and adequacy requirements under Rule 23 of the Federal Rules of Civil Procedure. *See* § 15 U.S.C. § 78u-4 (a)(3)(B)(iii). Movant is the most adequate plaintiff because: (1) it suffered losses of $565,868.04 on its investments in Canopy securities during the Class Period and, to the best of its knowledge, has the largest financial interest in the relief sought by the class; and (2) Movant satisfies the typicality and adequacy requirements of Rule 23 (a)(3) and (4) of the Federal Rules of Civil Procedure. Accordingly, the Court should appoint Movant as Lead Plaintiff.

The Court should also approve Movant's selection of Lieff Cabraser as Lead Counsel. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Lieff Cabraser has extensive experience in representing investors in securities class actions and other securities and financial fraud litigation and has recovered hundreds of millions of dollars on behalf of investors. For the reasons set forth below, Movant's motion should be approved in its entirety.

## II. SUMMARY OF THE FACTUAL ALLEGATIONS

The Actions allege that during the Class Period, Canopy, an Ontario, Canada-based producer and seller of cannabis, hemp, and consumer packaged products for medicinal and recreational use, and certain of Canopy's senior executives, made false and/or misleading

statements and omissions regarding the Company's operations, financial performance, and prospects. Specifically, the Actions allege that Defendants failed to disclose that: (1) Canopy's BioSteel Sports Nutrition Inc. ("BioSteel") business was hurting the Company's profitability because it had aged inventory and was overspending; (2) there were material weaknesses in Canopy's internal controls over financial reporting; (3) Canopy improperly booked sales of the BioSteel business unit; and (4) as a result of the foregoing, the Company overstated its revenue.

On February 9, 2023, before the market opened, Canopy announced disappointing financial results for the third quarter of fiscal 2022. The Company also announced cost-reduction initiatives, and that its gross margin in the third quarter of fiscal 2022 had been negatively impacted by lower margins in the BioSteel business largely due to an inventory write-down. On this news, the price of Canopy stock fell 17.15% to close at $2.27 per share on February 9, 2023 on elevated trading volume.

On May 10, 2023, after the market closed, Canopy announced that its audited financial statements for the fiscal year ended March 31, 2022 and the quarters ended June 30, 2022, September 30, 2022 and December 31, 2022 should no longer be relied upon and would need to be restated. The Company disclosed that an internal review found "certain trends in the booking of sales" by BioSteel and "material misstatements" and that "the correction of the misstatements is expected to reduce certain revenues previously recognized." On this news, the price of Canopy stock fell 14.75% to close at $1.04 per share on May 11, 2023 on elevated trading volume.

On May 12, 2023, *BNN Bloomberg* published an article citing former BioSteel employees who described BioSteel as "a dysfunctional organization rife with overspending."

As a result of Defendants' material misstatements and omissions, the price of Canopy securities traded at artificially inflated levels during the Class Period. Class members purchased or otherwise acquired Canopy securities relying upon the integrity of the market price of Canopy's securities and market information relating to Canopy and suffered significant damages following the precipitous decline in the market value of Canopy securities.

## III. ARGUMENT

### A. Movant Should Be Appointed Lead Plaintiff

The PSLRA sets forth a procedure that governs the appointment of a lead plaintiff in a private action arising under the Exchange Act brought as a class action pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§ 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that within 90 days after publication of the notice, the court shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice . . . .

> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 1. **Movant Timely Moved For Appointment as Lead Plaintiff**

In this case, the plaintiff in the first-filed action published a notice on *Business Wire* on May 23, 2023. A copy of the notice is attached as Exhibit A to the Declaration of Daniel P. Chiplock ("Chiplock Decl."), submitted herewith. The notice advised that all class members who are interested in moving for the appointment of Lead Plaintiff in this matter must do so by July 24, 2023. Courts have recognized national news wire services as suitable vehicles for meeting the PSLRA's requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See, e.g., Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62, 64 (D. Mass. 1996). Movant's motion, filed on July 24, 2023, is therefore timely. 15 U.S.C. §§ 78u-4(a)(3)(A) and (B).

### 2. **Movant Has the Largest Financial Interest in the Relief Sought by the Class**

Movant should be appointed Lead Plaintiff because it has the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered); *Micholle v. Ophthotech Corp.*, No. 17-CV-1758 (VSB), 2018 WL 1307285, at *5 (S.D.N.Y. Mar. 13, 2018) (applying the *Lax* four-factor test in determining the party with the largest financial interest).

During the Class Period, Movant (1) purchased a total of 322,700 shares of Canopy common stock and 41 Canopy call options; (2) purchased a net amount of 133,700 shares of Canopy common stock and 41 Canopy call options; (3) expended a net amount of $657,506.70 on its purchases of Canopy common stock and $5,850 on its purchases of Canopy call options, for total net expenditures of $663,356.70; and (4) suffered a loss of $565,868.04 on a Last-In-First-Out basis as a result of the disclosure of the fraud. *See* Chiplock Decl. at Exhibits B and C (attaching Movant's certifications and chart analyzing its loss). Movant believes it possesses the largest financial interest in the outcome of this litigation and, therefore, it may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. <u>Movant Otherwise Satisfies the Requirements of Rule 23</u>

In addition to possessing the largest financial interest in the outcome of the litigation, Movant also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. On a motion to serve as lead plaintiff, the movant need only make a preliminary showing that it will satisfy the typicality and adequacy requirements of Rule 23. *See Micholle*, 2018 WL 1307285, at *6; *Canson v. WebMD Health Corp.*, No. 11-cv-5382 (JFK), 2011 WL 5331712, at *4 (S.D.N.Y. Nov. 7, 2011). Movant clearly satisfies both requirements.

#### a. <u>Movant's Claims are Typical of the Claims of the Class</u>

Movant's claims are typical of the claims of other members of the class. Typicality is established "where 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Canson*, 2011 WL 5331712, at *4 (quoting *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). However, the claims of the class representative need not be identical to those of all members of the class to satisfy the typicality requirement. *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113 (S.D.N.Y. 2010).

Movant satisfies the typicality requirement of Fed. R. Civ. P. 23 because, just like all other class members, Movant: (1) transacted in Canopy securities during the Class Period; (2) purchased Canopy securities at prices that were artificially inflated by Defendants' wrongful conduct; and (3) suffered damages thereby. Movant's claims are typical of those of other class members since Movant's claims and the claims of other class members arise out of the same course of events and are based on the same legal theories. *Id.*

**b. <u>Movant Will Fairly and Adequately Represent the Interests of the Class</u>**

Movant likewise satisfies the adequacy requirement of Rule 23. In assessing adequacy, courts consider whether (1) the plaintiff has interests in common with, and not antagonistic to, the interests of the class; and (2) the plaintiff's attorneys are qualified, experienced and able to conduct the litigation. *See, e.g., In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009).

Movant has made a sufficient showing that it is adequate under Rule 23. Contemporaneously with this filing, Mr. Ghahremanzadeh, Messrs. Antonio and Sebastiano Cremonini, Ms. Cremonini, and Mr. Massie have submitted a Joint Declaration (*see* Chiplock Decl., Exhibit D) demonstrating that each of them is knowledgeable about the litigation, they understand the responsibilities of being a lead plaintiff, they are committed to working together and with Lead Counsel to actively prosecute the case, they have established procedures to oversee the litigation, and they will otherwise fairly and adequately protect the interests of the class. Thus, Mr. Ghahremanzadeh, Messrs. Antonio and Sebastiano Cremonini, Ms. Cremonini, and Mr. Massie have made a proper evidentiary showing of their ability to work cohesively and to serve as Lead Plaintiff. *See, e.g.*, *Crass v. Yalla Grp. Ltd.*, No. 21 CIV. 6854 (PAE), 2021 WL 5181008, at *6 (S.D.N.Y. Nov. 8, 2021) (appointing a group of investors that submitted joint

declaration demonstrating their intent to participate directly in the litigation and their willingness and ability to serve as class representatives, citing *Peters v. Jinkosolar Holding Co*., No. 11 Civ. 7133, 2012 WL 946875, at *7 (S.D.N.Y. Mar. 19, 2012) ("[C]ourts appear to generally agree that a group comprising five or fewer members is appropriate[.]")).

Movant and its counsel believe that its interests do not conflict with the interests of other class members. In fact, the interests of Movant and other class members are aligned because each class member purchased Canopy securities in reliance on the misrepresentations or omissions described above. In addition, there is no evidence that Movant's action is collusive.

Moreover, Movant has demonstrated its adequacy through its selection of Lieff Cabraser as Lead Counsel to represent the class. As discussed more fully below, Lieff Cabraser is qualified and experienced in the area of securities and financial fraud litigation and has demonstrated an ability to conduct complex securities class action litigation effectively.

Accordingly, Movant has made the requisite showing that it satisfies the typicality and adequacy requirements of Rule 23. The Court should therefore appoint Movant as Lead Plaintiff.

### B. The Court Should Approve Movant's Selection Of Lead Counsel

The Court should approve Movant's choice of the law firm of Lieff Cabraser to serve as Lead Counsel. The PSLRA directs that once a court designates a lead plaintiff, the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The lead plaintiff's selection of lead counsel, however, shall not be disturbed unless it is necessary to protect the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *In re Cavanaugh*, 306 F.3d 726, at 732, n.11 (9th Cir. 2002) ("Congress gave the lead plaintiff, and not the court, the power to select a lawyer for the class.").

Movant has selected and retained the law firm of Lieff Cabraser. Lieff Cabraser is one of the nation's largest plaintiffs' law firms and has prosecuted scores of securities and financial fraud lawsuits on behalf of public and private institutional investors and other investors. *See* Lieff Cabraser's Firm Resume (attached as Exhibit E to the Chiplock Decl.). The law firm has recently served as class counsel in securities fraud class actions that resolved favorably for investors, including in *In re BofI Holding Inc. Securities Litigation*, No. 15-cv-2324 (S.D. Cal.) (final settlement approval granted in 2022) and *In re A-Power Energy Generation Systems, Ltd. Securities Litigation*, No. 2:11-ml-2302-GW (CWx) (C.D. Cal.) (final settlement approval granted in 2013). Lieff Cabraser also has extensive experience serving as lead or co-lead counsel in other securities and financial fraud litigation matters, including *In re Wells Fargo & Co. Shareholder Derivative Litigation*, No. 3:16-cv-05541 (N.D. Cal.), which resolved in a $240 million settlement; *In re The Boeing Co. Derivative Litigation*, C.A. No. 2019-0907-MTZ (Del. Ch.), which resolved for $237.5 million and expansive corporate governance reforms relating to airplane safety oversight; and *In re Broadcom Corp. Derivative Litigation*, No. C-06-3252 R (CWx) (C.D. Cal.), in which Lieff Cabraser achieved settlements totaling $197 million, one of the largest settlements in a derivative action involving stock options backdating. In addition, in *In re Bank of N.Y. Mellon Corp. Foreign Exch. Transactions Litig.*, No. MD-12-2335-LAK (S.D.N.Y.), Lieff Cabraser, as a member of the Plaintiffs' Executive Committee and co-lead class counsel, recovered $335 million in litigation against BNY Mellon and its predecessors and subsidiaries, alleging defendants deceptively overcharged custodial customers on foreign currency exchanges made necessary by the purchase or sale of foreign securities.

Further, Lieff Cabraser is one of few plaintiffs' firms with experience trying federal securities class cases. For example, in *Claghorn v. Edsaco*, No. 98-3039-SI (N.D. Cal.), Lieff

Cabraser, serving as lead counsel, obtained a $170.7 million jury verdict after a multi-week trial. In *FPI/Agretech Securities Litigation*, MDL No. 763 (D. Haw.), Lieff Cabraser recovered tens of millions of dollars in class settlements and a $25 million jury verdict at trial against a non-settling defendant. Accordingly, the Court should approve Movant's selection of Lieff Cabraser as Lead Counsel for the class.

## IV. CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the Actions; (2) appoint Movant as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and (3) approve Movant's selection of Lieff Cabraser as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Dated: July 24, 2023
New York, New York

Respectfully submitted,

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**

By: /s/ *Daniel P. Chiplock*
Daniel P. Chiplock (DC-1137)
Steven E. Fineman (SF-8481)
Sharon M. Lee (SL-5612)
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Richard M. Heimann
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Counsel for Movant Canopy Investor Group and Proposed Lead Counsel for the Class*