UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER TURPEL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANOPY GROWTH CORPORATION, DAVID KLEIN, and JUDY HONG,<br><br>Defendants. | Case No.: 1:23-cv-04302-PAE<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM OF LAW IN SUPPORT OF MOVANT THINH NGUYEN'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL |
| COLUMBUS ALLEN JR., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANOPY GROWTH CORPORATION, DAVID KLEIN, and JUDY HONG,<br><br>Defendants. | Case No.: 1:23-cv-05891-LTS<br><br><u>CLASS ACTION</u> |
| CHRISTIANN KANTNER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANOPY GROWTH CORPORATION, DAVID KLEIN, JUDY HONG, and MICHAEL LEE,<br><br>Defendants. | Case No. 1:23-cv-06266-LGS<br><br><u>CLASS ACTION</u> |

## TABLE OF CONTENTS

I. INTRODUCTION ....................................................................................................1

II. FACTUAL BACKGROUND ....................................................................................2

III. ARGUMENT ........................................................................................................4

A. The Actions Should Be Consolidated for All Purposes ........................................4

B. Movant Should Be Appointed Lead Plaintiff ........................................................5

1. This Motion Is Timely ........................................................................................6

2. Movant Has the Largest Financial Interest in the Relief Sought by the Class ........................................................................................................6

3. Movant Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure ........................................................................................................7

C. The Court Should Approve Movant's Selection of Counsel ..................................9

IV. CONCLUSION ....................................................................................................10

# TABLE OF AUTHORITIES

## CASES

*Goldstein v. Puda Coal, Inc.*,
827 F. Supp. 2d 348 (S.D.N.Y. 2011)....................4

*In re eSpeed, Inc. Sec. Litig.*,
232 F.R.D. 95 (S.D.N.Y. 2005)....................8

*In re WorldCom, Inc. Sec. Litig.*,
219 F.R.D. 267 (S.D.N.Y. 2003)....................8

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) *on reconsideration in part sub nom.*....................4, 6, 7

*Linn v. Allied Irish Banks, PLC*,
No. 02 Civ. 1738 (DAB), 2004 WL 2813133 (S.D.N.Y. Dec. 8, 2004)....................8

*Peifa Xu v. Gridsum Holding Inc.*,
No. 18 Civ. 3655 (ER), 2018 WL 4462363 (S.D.N.Y. Sept. 17, 2018)....................7

*Vladimir v. Bioenvision, Inc.*,
No. 07 Civ. 6416(SHS)(AJP), 2007 WL 4526532 (S.D.N.Y. Dec. 21, 2007)....................6

## STATUTES, RULES & OTHER AUTHORITIES

15 U.S.C.
§78u-4(a)(1)....................5
§78u-4(a)(3)(A)(i)....................5
§78u-4(a)(3)(A)-(B)....................5
§78u-4(a)(3)(B)....................5
§78u-4(a)(3)(B)(i)....................5
§78u-4(a)(3)(B)(iii)....................2, 6
§78u-4(a)(3)(B)(iii)(I)(bb)....................6
§78u-4(a)(3)(B)(iii)(I)(cc)....................7
§78u-4(a)(3)(B)(iii)(II)(aa)....................9
§78u-4(a)(3)(B)(v)....................2, 9

Fed. R. Civ. P. 23....................7-8

Movant Thinh Nguyen ("Movant") respectfully submits this Memorandum of Law in support of his Motion for: (i) consolidation of the related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (ii) appointment as Lead Plaintiff in the above-captioned actions pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (iii) approval of Movant's selection of Robbins LLP ("Robbins LLP") as Lead Counsel and The Rosen Law Firm, P.A. ("Rosen Law") as Co-Lead Counsel for Lead Plaintiff and the proposed class.

## I. INTRODUCTION

Presently pending in this district are three securities class action lawsuits (the "Actions") on behalf of purchasers of Canopy Growth Corporation ("Canopy Growth" or the "Company") seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act"). The Actions are *Turpel v. Canopy Growth Corporation, et al.*, Case No. 1:23-cv-04302-PAE, *Allen v. Canopy Growth Corporation, et al.*, Case No. 1:23-cv-05891-LTS, and *Kantner v. Canopy Growth Corporation et al.*, Case No. 1:23-cv-06266. The Actions allege violations of the Exchange Act and name substantially the same defendants, including Canopy Growth and certain of the Company's officers. The *Turpel* and *Allen* complaints have the same Class Period of May 31, 2022 and May 10, 2023, inclusive. The Actions similarly overlap in the statements that plaintiffs assert are false and misleading. According to the *Turpel and Allen* actions, the truth came out on May 10, 2023, when the Company filed a Current Report on Form 8-K disclosing that it identified material misstatements and certain of its prior financial statements should no longer be relied upon, including Canopy Growth's 2022 Annual Report on Form 10-K.

The *Kantner* Action likewise alleges violation of the Exchange Act against the same named defendants, with the addition of Michael Lee. The *Kantner* Action alleges a slightly longer class

period, June 1, 2021 through May 10, 2023, inclusive (the "Class Period"). In light of disclosure that the Company's financial statements for the fiscal year ended March 31, 2022, should no longer be relied upon, the Class Period in the *Kantner* Action is the most appropriate class period. In light of the substantial overlap between the three cases, the Court should consolidate the Actions.

Next, under the PSLRA, the Court is tasked with appointing the Lead Plaintiff in the Actions. The PSLRA governs the selection of the lead plaintiff in class actions asserting claims under the Exchange Act. Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant: (i) making a timely motion under the PSLRA's sixty-day deadline; (ii) who asserts the largest financial interest in the litigation; and (iii) who also satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Movant meets these requirements, because: (i) Movant timely filed for appointment as Lead Plaintiff; (ii) to the best of his knowledge, Movant has the largest financial interest in this litigation; and (iii) Movant meets the applicable requirements under Rule 23. *See id.*; *infra* Section III.B. Accordingly, the Court should appoint Movant as Lead Plaintiff.

Finally, the Court should approve Movant's choice of Co-Lead Counsel. Movant has retained experienced and competent counsel. As the "most adequate plaintiff" under the PSLRA, the Court should defer to Movant's selection of Robbins LLP and Rosen Law as Co-Lead Counsel Lead Plaintiff and the proposed class, and should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II. FACTUAL BACKGROUND

Canopy Growth is a Canadian corporation with its principal executive office in Smith Falls, Ontario, that produces, distributes, and sells a diverse range of cannabis, hemp, and consumer packaged goods ("CPG") products for recreational and medical use. The Company conducts business through its subsidiaries and a variety of joint ventures, including Tweed, Spectrum

Therapeutics, Martha Stewart CBD, and BioSteel Sports Nutrition Inc. ("BioSteel"). BioSteel is a sports nutrition and hydration brand originally formulated for professional athletes. The Company's common shares trade on the Nasdaq Global Select Market under the symbol "CGC."

The Actions allege that during the Class Period, defendants made materially false and misleading statements regarding the Company's business, operational, and compliance policies. Specifically, defendants failed to disclose to investors: (i) issues with Canopy Growth's BioSteel business, including, *inter alia*, aged inventory and overspending, had been significantly hampering the Company's profitability; (ii) that there were material weaknesses in the Company's internal controls over accounting and financial reporting; (iii) that, as a result, the Company improperly booked sales of its BioSteel business unit; (iv) that, as a result, the Company's revenue was overstated; and (v) that, as a result of the foregoing, defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

The truth about the Company's operations and finances came to light after the market closed on May 10, 2023, when Canopy Growth announced that its audited consolidated financial statements for the fiscal year ended March 31, 2022, and the quarters ended June 30, 2022, September 30, 2022, and December 31, 2022, should no longer be relied upon, and would need to be restated. The Company also disclosed that it "identified certain trends in the booking of sales by the [BioSteel] business unit for further review." The Company specified that "[a]lthough the BioSteel Review remains ongoing, the Company has preliminarily identified material misstatements" and that "the correction of the misstatements is expected to reduce certain revenues previously recognized."

On this news, shares of Canopy Growth stock fell $0.18 per share, or 14.8%, to close at $1.04 per share on May 11, 2023, damaging investors.

As a result of defendants' wrongful acts and omissions, and the decline in the market value of Canopy Growth's securities, Movant and other Canopy Growth investors have suffered significant losses and damages.

## III. ARGUMENT

### A. The Actions Should Be Consolidated for All Purposes

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). Under Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42"), consolidation is appropriate where the actions involve "common questions of law or fact." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990) (quoting Rule 42(a)). "In the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation." *Id.* at 1285 (citing *Romacho v. Stanley*, 567 F. Supp. 1417, 1419 n.2 (S.D.N.Y. 1983) *aff'd sub nom. Morse v. Stanley*, 732 F.2d 1139 (2d Cir. 1984)). Importantly, "[d]ifferences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007) *on partial reconsideration in part sub nom* (cited approvingly by *Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348, 352-53 (S.D.N.Y. 2011)).

Here, as noted above, there are at least three related securities class actions pending in this District on behalf of investors who purchased Canopy Growth common stock. The Actions allege

substantially similar statements made by similar parties were misleading. Accordingly, consolidation is appropriate under Rule 42(a). *See id*.

**B. Movant Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of the following: (i) the pendency of the action; (ii) the claims asserted therein; (iii) the purported class period; and (iv) the right to move the Court to be appointed as Lead Plaintiff within sixty days of the publication of the notice. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, the relevant notice was published in *Business Wire* on May 23, 2023. *See* Declaration of Phillip Kim in Support of Movant Thinh Nguyen's Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Counsel ("Kim Decl."), Ex. A, filed concurrently herewith. Within sixty days after publication of the notice, any "person" or "group of persons" who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is:

the person or group of persons that-

> (aa) has either filed the complaint or made a motion in response to a notice ... ;
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

**1. This Motion Is Timely**

The notice published in this action informed class members that the deadline to move for appointment as Lead Plaintiff was sixty days from May 23, 2023, or July 24, 2023. *See* Kim Decl., Ex. A. As this motion is being filed on July 24, 2023, it is timely. Thus, Movant has complied with the PSLRA's first requirement and is entitled to be considered for appointment as Lead Plaintiff.

**2. Movant Has the Largest Financial Interest in the Relief Sought by the Class**

To be eligible for the "most adequate plaintiff" presumption, a movant must also possess the "largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb). "The PSLRA does not define the term 'largest financial interest' nor provide a method for determining which plaintiff has the largest financial interest in the relief sought by the class." *Vladimir v. Bioenvision, Inc.*, No. 07 Civ. 6416(SHS)(AJP), 2007 WL 4526532, at *4 (S.D.N.Y. Dec. 21, 2007). "Courts in the Second Circuit have developed a four-factor test focusing on: (1) the total number of shares purchased (or sold) during the class period; (2) the number of net shares purchased (or sold) during the class period (i.e., the difference between the number of shares purchased (or sold) and the number of shares sold (or purchased)); (3) the total net funds expended during the class period (i.e., the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate

loss suffered during the class period." *Id.* (citations omitted). "Of these factors, courts have consistently held that the fourth, the magnitude of the loss suffered, is most significant." *Peifa Xu v. Gridsum Holding Inc.*, No. 18 Civ. 3655 (ER), 2018 WL 4462363, at *3 (S.D.N.Y. Sept. 17, 2018) (citations omitted).

As an initial matter, the Court should use the longer applicable Class Period for calculating the movant with the largest financial interest. As courts in this circuit have explained, using the longer class period is appropriate "because the longer class period encompasses more potential class members and damages." *Lucas v. U.S. Oil Fund, LP*, Nos. 20 Civ. 4740 (PGG), *et al.*, 2020 WL 5549719, at *4 (S.D.N.Y. Sept. 16, 2020) (citation omitted). "Courts vary from this approach only where the proposed longer class period is '[im]plausibl[e]' or 'obviously frivolous.'" *Id.* (citing *Villare v. ABIOMED, Inc.*, Nos. 19 Civ. 7319 (ER), et al., 2020 WL 3497285, at *4 (S.D.N.Y. June 29, 2020)). Here, the Class Period is not implausible or obviously frivolous given the disclosure that the 2022 financial statements should not be relied upon.

Under the appropriate Class Period, Movant's financial interest in the relief sought by the class here, is as follows:

| **Shares Purchased:** | **Net Shares Purchased:** | **Net Funds Expended:** | **Losses:** |
|---|---|---|---|
| 91,240 | 91,240 | $1,100,634.32 | $1,036.384.93 |

*See* Kim Decl., Exs. B and C. To the best of Movant's counsels' knowledge, Movant's financial interest in this matter is the largest of any known lead plaintiff movants. Therefore, Movant satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. Movant Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the

representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4). In selecting the Lead Plaintiff under the PSLRA, "typicality and adequacy of representation are the only [relevant] provisions." *Kaplan*, 240 F.R.D. at 94. "Further, at this stage of litigation, only a preliminary showing of typicality and adequacy is required." *Id*. (citing *In re eSpeed, Inc. Sec. Litig*., 232 F.R.D. 95, 102 (S.D.N.Y. 2005)).

Under Rule 23(a), "[t]he typicality requirement is satisfied when the claims of the proposed lead plaintiff 'arise from the same conduct from which the other class members' claims and injuries arise.'" *Linn v. Allied Irish Banks, PLC*, No. 02 Civ. 1738 (DAB), 2004 WL 2813133, at *5 (S.D.N.Y. Dec. 8, 2004) (citation omitted). Typicality exists even if there are some factual distinctions between the claims of the named plaintiff and those of other class members. *In re WorldCom, Inc. Sec. Litig.*, 219 F.R.D. 267, 280 (S.D.N.Y. 2003) (noting that "[t]he factual background of each named plaintiff's claim need not be identical to that of all of the class members as long as the disputed issue of law or fact occup[ies] essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the proposed class") (citations and internal quotations omitted).

Here, Movant satisfies the typicality requirement for purposes of selecting a Lead Plaintiff because, like other class members, he: (i) purchased Canopy Growth securities during the Class Period; (ii) paid allegedly inflated prices because of claimed false and misleading statements by defendants; and (iii) thereby suffered damages. Thus, Movant's claims are typical of those of other class members since his claims and the claims of other class members arise out of the same course of events.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Kaplan*, 240 F.R.D. at 94.

Here, Movant is an adequate Lead Plaintiff because his interest in aggressively pursuing the claims against defendants is aligned with the interests of the members of the class who were similarly harmed as a result of defendants' false and misleading statements. There is no antagonism between Movant's interests and those of the other members of the class and there is nothing to indicate that Movant will do anything but vigorously pursue the claims on behalf of the class. In addition, Movant has submitted a certification detailing his investments in Canopy Growth during the Class Period and confirming his willingness to discharge the obligations of class representatives in these Actions. *See* Kim Decl., Ex. B.

Further, Movant lives in North Carolina and has been investing for several years, and will have no problems overseeing counsel.

In addition, as described below, Movant has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the class. All of these factors sufficiently evidence Movant's satisfaction of the Rule 23 requirements and capacity and willingness to serve as Lead Plaintiff.

### C. The Court Should Approve Movant's Selection of Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Movant has selected Robbins LLP and Rosen Law as Co-Lead Counsel

Movant has selected Robbins LLP and Rosen Law as Co-Lead Counsel. The firms have been actively researching Movant's and Class Plaintiff's claims, as well as reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firms have an extensive history bringing significant recoveries to investors and are experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. . The firms have prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors. *See* Kim Decl., Ex. D.

Based on these qualifications, the Court may be assured that the members of the class will receive the highest caliber of legal representation if this motion is granted. Accordingly, Movant's selection of Co-Lead counsel should be approved.

## IV. CONCLUSION

The three related Actions before the Court are substantially similar and should be consolidated. In addition, Movant has satisfied each of the PSLRA's requirements for appointment as Lead Plaintiff. As such, Movant respectfully requests that the Court consolidate the Actions, appoint him as Lead Plaintiff, approve his selection of Robbins LLP and Rosen Law as Co-Lead Counsel, and grant such other relief as the Court may deem just and proper.

Dated: July 24, 2023

Respectfully submitted,

THE ROSEN LAW FIRM, P.A

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York (10016)
Telephone: (212) 686-1060
Fax: (212) 202-3827

Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

ROBBINS LLP
BRIAN J. ROBBINS
STEPHEN J. ODDO
5060 Shoreham Place, Suite 300
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
E-mail: brobbins@robbinsllp.com
soddo@robbinsllp.com

*[Proposed] Co-Lead Counsel for Lead Plaintiff and Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Court's electronic mail notice list.

I also hereby certify that on July 24, 2023, I sent the foregoing via U.S. mail to:

Columbus Allen, Jr.
P.O. Box 4000
Vacaville, CA 95687
*Pro Se Plaintiff*

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed July 24, 2023.

/s/ Phillip Kim
PHILLIP KIM