**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHRISTOPHER TURPEL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANOPY GROWTH CORPORATION, DAVID KLEIN, and JUDY HONG,<br><br>Defendants. | Case No. 1:23-cv-04302-PAE |
| CHRISTIANN KANTNER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANOPY GROWTH CORPORATION, DAVID KLEIN, JUDY HONG, and MICHAEL LEE,<br><br>Defendants. | Case No. 1:23-cv-06266-LGS |

**MEMORANDUM OF LAW IN SUPPORT OF JIMMY PADGETT'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**

Jimmy Padgett ("Padgett") respectfully submits this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq* (the "PSLRA") for an Order: (1) consolidating the above-captioned related actions; (2) appointing Padgett as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Padgett's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I. PRELIMINARY STATEMENT

This is a class action on behalf of all persons or entities that purchased or otherwise acquired Canopy Growth Corporation ("Canopy Growth" or the "Company") securities between June 1, 2021 and May 10, 2023, inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the most adequate plaintiff—*i.e.* the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. The PSLRA also provides a presumption that the movant with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is the "most adequate plaintiff."

Padgett believes that it is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Padgett satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and it is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Padgett respectfully submits that it is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Padgett's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II. FACTUAL BACKGROUND[1]

Canopy Growth produces, distributes, and sells cannabis, hemp, and consumer packaged goods ("CPG") products for recreational and medical use. The Company, based in Canada, conducts business through its subsidiaries and a variety of joint ventures, including Tweed, Spectrum Therapeutics, Martha Stewart CBD, and BioSteel Sports Nutrition Inc. ("BioSteel"). The Company claims BioSteel is a sports nutrition and hydration brand originally formulated for professional athletes.

The complaints filed in this action allege that, throughout the Class Period, Defendants made false and misleading statements regarding Canopy Growth's business and prospects, including that: (i) issues with Canopy Growth's BioSteel business, including, *inter alia*, aged inventory and overspending, had been significantly hampering the Company's profitability; (ii) there were material weaknesses in the Company's internal controls over accounting and financial reporting; (iii) as a result, the Company improperly booked sales of its BioSteel business unit; (iv) as a result, the Company's revenue was overstated; and (v) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On February 9, 2023, before the market opened, Canopy Growth announced its financial results for the third quarter of the Company's fiscal year 2023. The Company reported third quarter GAAP earnings per share ("EPS") of -C$0.54, missing consensus estimates by C$0.31,

---

[1] This section is adapted from the complaints in the above-captioned actions.

and revenue of C$101.2 million, representing a year-over-year decrease of 28.2% and missing consensus estimates by C$15.16 million. The Company also disclosed it was adopting new cost-reduction initiatives, including, among other things, "transitioning to an asset-light model", "the organizational restructuring of certain corporate functions," and "significantly reducing the overall size of [the Company's] organization." The Company further disclosed that "[g]ross margin in Q3 FY2023 was impacted primarily by [*inter alia*] . . . lower gross margins in the BioSteel business segment primarily attributable to the write-down of aged inventory."

On this news, Canopy Growth's share price fell $0.47 per share, or 17.15%, to close at $2.27 per share on February 9, 2023.

On May 10, 2023, after the market closed, Canopy Growth disclosed that its financial statements for the fiscal year ended March 31, 2022 and the quarters ended June 30, 2022, September 30, 2022 and December 31, 2022 should no longer be relied upon and would need to be restated. The Company also disclosed that it "identified certain trends in the booking of sales by the [BioSteel] business unit for further review." The Company specified that "although the BioSteel Review remains ongoing, the Company has preliminarily identified material misstatements" and that "the correction of the misstatements is expected to reduce certain revenues previously recognized."

On this news, Canopy Growth's stock price fell $0.18, or 14.8%, to close at $1.04 per share on May 11, 2023, on unusually heavy trading volume.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Padgett and other class members have suffered significant losses and damages.

## III. PROCEDURAL BACKGROUND

On May 23, 2023, Plaintiff Christopher Turpel commenced a securities class action against Canopy Growth and certain executives captioned *Turpel v. Canopy Growth Corporation et al*, Case No. 1:23-cv-04302-PAE (the "*Turpel* Action"). It was brought pursuant to the Exchange Act on behalf purchasers of Canopy Growth securities between May 31, 2022 and May 10, 2023, inclusive.

On June 21, 2023, Plaintiff Christiann Kantner filed a related lawsuit captioned *Kantner v. Canopy Growth Corporation, et al*, Case No. 1:23-cv-06266-LGS (the "*Kantner* Action," and with the *Turpel* Action, the "Related Actions"). The *Kantner* Action was originally filed in the Central District of California but was transferred to this District on July 19, 2023. It is brought pursuant to the Exchange Act on behalf purchasers of Canopy Growth securities between June 1, 2021 and May 10, 2023, inclusive.

## IV. ARGUMENT

### A. The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present similar legal issues. Each action alleges violations of the Exchange Act, each presents similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Pipefitters Local No. 636 Defined Ben Plan v. Bank of America Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (Consolidation is appropriate "if

the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.”).

**B. Padgett Should Be Appointed Lead Plaintiff**

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a “rebuttable presumption” that the “most adequate plaintiff”—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof “by a purported member of the plaintiff class” that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Padgett satisfies all of the PSLRA criteria and has complied with all of the PSLRA’s requirements for appointment as lead plaintiff. Padgett has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of

Federal Rule of Civil Procedure 23. In addition, Padgett is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Padgett respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

**1. Padgett Filed a Timely Motion**

Padgett has made a timely motion in response to a PSLRA early notice. On May 23, 2023, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh ("Linkh Decl.") Ex. A. Therefore, Padgett had sixty days (*i.e.*, until July 24, 2023) to file a motion to be appointed as lead plaintiff. As a purchaser of Canopy Growth securities during the Class Period, Padgett is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Padgett attests that it has reviewed the complaint, and is willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, Padgett satisfies the first requirement to serve as lead plaintiff for the class.

**2. Padgett Has the Largest Financial Interest**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Padgett believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Padgett purchased Canopy Growth securities during the Class Period, and as a result, suffered financial harm of approximately $180,428.53. *See* Linkh Decl., Ex. C. To the best of his

knowledge, Padgett is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Padgett believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3. Padgett Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id.* at 296-97 (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08-cv-7281, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

**a) Padgett's Claims Are Typical**

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Padgett's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Padgett alleges that Defendants' material misstatements and omissions concerning Canopy Growth's business, operations, and financial prospects violated the federal securities laws. Padgett, like all members of the class, purchased Canopy Growth securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Padgett's interests and claims are "typical" of the interests and claims of the class.

**b) Padgett Is an Adequate Representative**

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Padgett has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that it has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. Padgett resides in Atlanta, Georgia and has been managing his own investments for approximately 23 years. Padgett has an MBA from Georgia State University and is the president of a mechanical contractor company. Padgett is also not aware of any conflict between his claims

and those asserted on behalf of the class. As such, Padgett is adequate to represent the class and should be appointed as lead plaintiff.

**C. The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 274. Here, Padgett has retained Glancy Prongay & Murray LLP to pursue this litigation on his behalf and will retain the firm as the class's lead counsel in the event he is appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit D. Thus, the Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

## V. CONCLUSION

For the foregoing reasons, Jimmy Padgett requests that the Court grant his Motion and enter an Order (1) consolidating the Related Actions; (2) appointing Padgett as Lead Plaintiff; (3) approving his selection of Glancy Prongay & Murray LLP as Lead Counsel for the class; and (4) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: July 24, 2023

**GLANCY PRONGAY & MURRAY LLP**

By: *_/s/ Gregory B. Linkh_*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Jimmy Padgett and Proposed Lead Counsel for the Class*

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On July 24, 2023, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 24, 2023, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh