UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CHRISTOPHER TURPEL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANOPY GROWTH CORPORATION, DAVID KLEIN, and JUDY HONG,<br><br>Defendants. | : | Case No. 1:23-cv-04302-PAE<br><br>**ECF Case** |

**DEFENDANTS' RESPONSE TO MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL**

Defendants Canopy Growth Corporation ("Canopy"), David Klein and Judy Hong ("Defendants") respectfully submit the following response to the motions for appointment of lead plaintiff and approval of lead plaintiff's selection of counsel in the above-captioned actions.[1]

[1] The related actions pending in this Court are: *Turpel v. Canopy Growth Corp. et al.*, No. 1:23-cv-04302-PAE (the "*Turpel* Action"); *Allen v. Canopy Growth Corp. et al.*, No. 1:23-cv-05891-PAE (the "*Allen* Action"); and *Kantner v. Canopy Growth Corp. et al.*, No. 1:23-cv-06266-PAE (the "*Kantner* Action"). On July 25, 2023, the Court accepted the *Kantner* Action (previously assigned to Judge Schofield) as related to the *Turpel* Action, and the case was reassigned to this Court. On August 10, 2023, the Court accepted the *Allen* Action (previously assigned to Judge Swain) as related to the *Turpel* action, and the case was reassigned to this Court.

Defendants have not been served in the *Allen* Action. On July 20, 2023, the parties submitted a stipulation in the *Turpel* Action, in which they agreed that defendants Canopy, Klein, and Hong would accept service while preserving all other defenses and that their time to answer or otherwise respond to the complaint would be adjourned until after lead plaintiff and lead counsel are appointed, which was so-ordered by this Court. (*Turpel* Action, ECF Nos. 10, 11.)

Defendants respond to the motions filed in the *Turpel* Action of lead plaintiff movants Erik Austin (ECF No. 12), James Skinner (ECF No. 16), Thinh Nguyen (ECF No. 27), Jimmy Padgett (ECF No. 29), and Chen Li (ECF No. 33) (collectively, "Movants"). Defendants do not respond to the motions filed by (a) the Canopy Investor Group (ECF No. 15), which has been withdrawn (ECF No. 39) and (b) Donald Russell in the *Turpel* Action, *Allen* Action,

*(cont'd)*

*First*, Defendants take no position on the appointment of lead plaintiff or approval of lead counsel. However, Defendants object to the proposed orders submitted by movants Skinner and Li to the extent that each seeks entry of an order that includes a provision purporting to impose document preservation obligations on Defendants. (*See* ECF No. 16-1 ¶ 13 and ECF No. 34 ¶ 15.) Such a provision is unnecessary; the obligation to preserve relevant documents is set forth under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(C)(i), and applies to all parties in the litigation. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBrance & Co.*, 229 F.R.D. 395, 421 (S.D.N.Y. 2004) (denying lead plaintiff movant's unopposed motion for an order requiring the preservation of evidence because the obligation that all parties preserve relevant documents is "statutorily automatic," and "such an order would either unnecessarily duplicate the obligations created under the PSLRA or . . . alter those obligations without justification"); *see also In re Deutsche Bank Aktiengesellschaft Securities Litigation*, No. 16-cv-03495 (AT) (BCM), 2016 WL 5867497, at *6 (S.D.N.Y. Oct. 4, 2016) (rejecting lead plaintiff movant's proposed provision for document preservation as duplicative); *Lifestyle Invs., LLC v. Amicus Therapeutics, Inc.*, Nos. 3:15-cv-7350 (FLW) (DEA), 3:15-cv-7380 (FLW) (DEA), 3:15-cv-7448 (FLW) (LHG), 2016 WL 3032684, at *8-9 (D.N.J. May 26, 2016) (same). Movants do not offer any evidentiary showing that Defendants are not complying with their existing preservation obligations.

*Second*, Defendants object to the proposed orders submitted by movants Skinner and Li insofar as they purport to modify the appropriate methods and procedures for effecting

---

and *Kantner* Action (ECF Nos. 22, 10, and 21, respectively), which have been withdrawn (ECF Nos. 40, 14, and 25, respectively). All references to ECF that follow pertain to filings in the *Turpel* Action.

service on the parties. (*See* ECF No. 16-1 at ¶ 9 and ECF No. 34 at ¶ 14.) Defendants submit that ECF filings are deemed properly served under Local Rule 5.2(a).

*Finally*, Defendants respectfully submit that any decision as to the appointment of lead plaintiff is without prejudice to any determination made in connection with class certification in the event any consolidated complaint survives anticipated motions to dismiss. The preliminary determination of Rule 23 factors for purposes of appointing a lead plaintiff is not the same and should not predetermine how the Court might resolve such factors should this case reach the class certification stage. *See Villare v. ABIOMED*, Nos. 19 Civ. 7319 (ER), 19 Civ. 9258 (ER), 2020 WL 3497285, at *5 (S.D.N.Y. June 29, 2020) (citation omitted) (recognizing that "a court need not conduct a full analysis of whether the requirements of Rule 23 have been met" at the lead plaintiff stage); *see also Yates v. Open Joint Stock Co.*, Nos. 04 Civ. 9742 (NRB), 04 Civ. 9973 (NRB), 2005 WL 1018428, at *2 (S.D.N.Y. Apr. 29, 2005) (noting that defendants' attacks on typicality and adequacy were not appropriate until class certification). Movants all concede that, in determining the lead plaintiff motions (unlike in a full Rule 23 class certification determination), the Court only requires a preliminary showing that two of the four Rule 23(a) requirements are met. (*See* ECF No. 13 at 2, ECF No. 18 at 8-9, ECF No. 19 at 6, ECF No. 28 at 8, ECF No. 31 at 7, ECF No. 35 at 10.) *See also Omdahl v. Farfetch*, No. 19-cv-8657 (AJN), 2020 WL 3072291, at *3 (S.D.N.Y. June 10, 2020) (citation and quotations omitted) ("For the purposes of appointment as lead plaintiff pursuant to the PSLRA . . . the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements [of Rule 23] have been met.").

## CONCLUSION

While Defendants take no position on the motions for lead plaintiff, they respectfully submit that any proposed orders submitted by certain lead plaintiff movants should be modified or denied as set forth above.[2]

Dated: New York, New York
August 11, 2023

Respectfully submitted,

/s/ Alexander C. Drylewski

Alexander C. Drylewski
(alexander.drylewski@skadden.com)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Phone: (212) 735-3000

James R. Carroll (*pro hac vice* motion forthcoming)
(james.carroll@skadden.com)
Rene H. DuBois
(rene.dubois@skadden.com)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
Phone: (617) 573-4800

*Counsel for Defendants Canopy Growth Corporation, David Klein and Judy Hong*

[2] Defendants do not waive, and expressly preserve, all defenses.