UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER TURPEL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANOPY GROWTH CORPORATION, DAVID KLEIN, and JUDY HONG,<br><br>Defendants. | Case No.: 1:23-cv-04302-PAE<br><br><u>CLASS ACTION</u><br><br>MOVANT THINH NGUYEN'S MEMORANDUM OF LAW IN RESPONSE TO COMPETING MOTIONS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL |
| COLUMBUS ALLEN JR., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANOPY GROWTH CORPORATION, DAVID KLEIN, and JUDY HONG,<br><br>Defendants. | Case No.: 1:23-cv-05891-LTS<br><br><u>CLASS ACTION</u> |
| CHRISTIANN KANTNER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANOPY GROWTH CORPORATION, DAVID KLEIN, JUDY HONG, and MICHAEL LEE,<br><br>Defendants. | Case No. 1:23-cv-06266-LGS<br><br><u>CLASS ACTION</u> |

Movant Thinh Nguyen ("Nguyen") respectfully submits this Memorandum of Law in further support of his motion for consolidation, appointment as Lead Plaintiff, and approval of selection of counsel (ECF No. 27), and in opposition to the other movants' competing motions. *See* ECF No. 33.

## I. SUMMARY OF ARGUMENT

Presently pending in this District are four remaining motions seeking consolidation, appointment as Lead Plaintiff, and approval of selection of counsel in the above-captioned actions (the "Actions").[1] On July 24, 2023, motions for appointment as Lead Plaintiff were filed by: (i) movant Erik Austin ("Austin") (ECF No. 12); (ii) movant James W. Skinner ("Skinner") (ECF No. 16); (iii) movant Thinh Nguyen ("Nguyen") (ECF No. 27); (iv) and movant Chen Li ("Li") (ECF No. 33).[2]

When considering the appointment of a lead plaintiff under the PSLRA, the Court must presume that the movant with the largest financial interest in the relief sought by the class that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is the "most adequate plaintiff"—i.e., the plaintiff most capable of adequately representing the interests of class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff, unless another class member provides sufficient proof that the most adequate plaintiff

---

[1] All movants agree that the Court should consolidate *Turpel v. Canopy Growth Corporation, et al.*, No. 1:23-cv-04302-PAE, *Allen v. Canopy Growth Corporation, et al.*, No. 1:23-cv-05891-LTS, and *Kantner v. Canopy Growth Corporation, et al.*, No. 1:23-cv-06266-LGS.

[2] Movant Canopy Investor Group withdrew its motion (ECF No. 15) via notice filed on August 1, 2023 (ECF No. 39), movant Donald Russell withdrew his motion (ECF No. 22) via notice filed on August 7, 2023 (ECF No. 40). Movants Skinner and Austin filed non-oppositions (ECF. Nos. 42 and 44) to competing motions on August 15, 2023, and movant Jimmy Padgett filed a withdrawal of his motion (ECF No. 43) on August 15, 2023.

fails to satisfy the adequacy and typicality requirements of a lead plaintiff. *Kaplan v. Gelfond*, 240 F.R.D. 88, 92 (S.D.N.Y. 2007).

Nguyen has the largest financial interest in the Actions by far. In fact, Nguyen's loss of $1,036,384.32 is more than $275,000 greater that the next closest movant. Based on the information provided by the foregoing movants' submissions, there is no doubt that Nguyen has "the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Nguyen satisfies the "typicality" and "adequacy" requirements of Rule 23. As the plaintiff with "the largest financial interest in the relief sought by the class" that "otherwise satisfies the requirements of Rule 23," Nguyen is the "most adequate plaintiff" within the meaning of the PSLRA. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

Since no movant can meet their heavy burden to rebut the presumption that Nguyen is the "most adequate plaintiff," Nguyen should be appointed as Lead Plaintiff and his choice of Robbins LLP and The Rosen Law Firm, P.A. ("Rosen Law") as Co-Lead Counsel should be approved.

## II. ARGUMENT

The PSLRA provides that courts "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members...." 15 U.S.C. §78u-4(a)(3)(B)(i). The PSLRA further provides for a presumption that the most adequate plaintiff is the "person or group of persons" who have the "largest financial interest in the relief sought by the class" and who "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §§78u-4(a)(3)(B)(iii)(I)(bb) & (cc). This presumption may only be rebutted upon proof by a member of the purported plaintiff class that the presumptive most adequate plaintiff is inadequate or atypical.

15 U.S.C. §78u-4(a)(3)(B)(iii)(II). Here, Nguyen is the presumptive Lead Plaintiff, as he satisfies the foregoing criteria, and no proof exists to rebut the presumption.

### A. Nguyen Has the Largest Financial Interest in the Relief Sought by the Class

While the PSLRA does not explain how to calculate the greatest financial interest in the relief sought by the class, courts in the Second Circuit and throughout the country often look to the following to decide which movant had the largest financial interests: (i) the number of shares purchased during the class period; (ii) the number of net shares purchased during the class period (i.e., retained through the end of the class period); (iii) the total net funds expended during the class period; and (iv) the approximate losses suffered. *Maeshiro v. Yatsen Holding Ltd.*, No. 22-CV-8165(JPC)(BCM), 2023 WL 4684106, at *3 (S.D.N.Y. July 21, 2023). "The 'final factor', approximate losses, 'is by far the most important." *Id. citing City of Sunrise Firefighter's Pension Fund v. Citigroup, Inc.*, No. 20-cv-9132(AJN), 2021 WL 396343, at *3 (S.D.N.Y. Feb. 4, 2021).

Nguyen has by far the largest approximate loss compared to the remaining movants, as shown by the following table:

| Movant | Total Loss |
|---|---:|
| Nguyen | $1,036,384.32 |
| Li | $761,305 |

Notably, under the most important factor—financial losses suffered—Nguyen suffered approximately $275,079.32 more than the second largest financial loss of Li. Therefore, Nguyen has the largest financial interest.

### B. Nguyen Satisfies Rule 23

Pursuant to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this stage,

a lead plaintiff movant need only make a preliminary showing that he meets the adequacy and typicality requirements under Rule 23. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004); *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436 (S.D.N.Y. 2008) ("At this point, a prospective lead plaintiff need only make a preliminary, *prima facie* showing that his or her claims satisfy the requirements of Rule 23.").[3] Here, Nguyen satisfy both requirements, triggering the statutory presumption of lead plaintiff in his favor.

**1. Nguyen Satisfies the Typicality Requirement**

"Typicality is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Fuwei Films*, 247 F.R.D. at 436 (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). Nguyen satisfies this requirement. Nguyen, like all members of the Class, purchased Canopy Growth Corporation stock pursuant or tradeable to the misleading registration statement and prospectus and suffered losses as a result. Therefore, Nguyen's claims are similar, if not identical, to those of the Class. *See Id.*

**2. Nguyen Is an Adequate Representative for the Class**

The adequacy requirement of Rule 23 is satisfied when a class representative establishes that it will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "This in turn requires a showing that '(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case

[3] Here, as throughout, all emphasis is deemed added and citations and footnotes are deemed omitted unless otherwise noted.

to ensure vigorous advocacy.'" *Maeshiro*, 2023 WL 4684106, at *7 (quoting *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011)).

Nguyen easily satisfies the adequacy requirement of Rule 23. Nguyen has the largest financial interest at stake in the Actions and selected experienced and competent counsel, thus insuring he will advocate vigorously to recover the losses he and all other members of the Class suffered. Moreover, no conflicts exist between Nguyen and the members of the Class as all interests are aligned in recovering losses caused by defendants' misstatements. Accordingly, Nguyen satisfies the adequacy requirement.

### C. No Proof Exists to Rebut the Statutory Presumption in Favor of Nguyen

For all the reasons above, Nguyen is the presumptive lead plaintiff. The most adequate plaintiff presumption can only be rebutted if another class member provides "proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff … will not fairly and adequately protect the interests of the class[] or … is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(b)(iii)(II); *Fuwei Films*, 247 F.R.D. at 436. There is no such proof here.

### D. Nguyen's Choice of Co-Lead Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should approve Nguyen's selection of Robbins LLP and Rosen Law as co-lead counsel for the class. *See Topping v. Deloitte Touche Tohmatsu CPA*, 95 F.Supp.3d 607, 623 (S.D.N.Y. 2015) ("There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel.").

Here, Nguyen has selected Robbins LLP and Rosen Law to serve as Co-Lead Counsel. As Robbins LLP and Rosen Law have extensive experience in litigating securities class actions, Nguyen's choice of Co-Lead Counsel should be approved. For example, Robbins LLP served as

lead counsel in the securities fraud class action *In re Titan, Inc. Securities Litigation*, No. 04-CV-0676-LAB (S.D. Cal. Dec. 20, 2005), which settled for $61.5 million. Earlier this year, Robbins was co-lead counsel in *Rodriguez v. CPI Aerostructures, Inc., et al.*, No 1:20-cv-00982-ENV-CLP (E.D.N.Y.), which settled for $3.6 million. Likewise, Rosen Law has prosecuted numerous securities and financial fraud lawsuits on behalf of investors in courts within the state of New York and throughout the nation. *See* Rosen Law's Resume, filed in this action under Docket No. 28-5. Rosen Law served as sole Class Counsel in the securities fraud action *Christine Asia Co Ltd. v. Alibaba Group Holding Ltd.*, No. 15-md-2631 (S.D.N.Y. 2005), which settled for $250 million, and as co-lead counsel in *Pirnik v. Fiat Chrysler Automobiles N.V. et al.*, 1:15-cv-07199 (S.D.N.Y. 2015), which settled for $110 million. In light of Robbins LLP and Rosen Law's substantial experience in the area of securities class actions, Nguyen respectfully asks the Court to approve his selection of counsel.

## III. CONCLUSION

Based on the foregoing, Nguyen respectfully requests that the Court grant his motion consolidating the Actions, appointing Nguyen as Lead Plaintiff, approve his selection of Robbins LLP and Rosen Law as Co-Lead Counsel for the class, and grant such other relief as the Court may deem just and proper.

Dated: August 15, 2023

Respectfully submitted,

THE ROSEN LAW FIRM, P.A

/s/ Laurence M. Rosen
Laurence M. Rosen, Esq. (LR 5733)
Phillip Kim, Esq. (PK 9384)
275 Madison Avenue, 40th Floor
New York, New York (10016)
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

ROBBINS LLP
BRIAN J. ROBBINS
STEPHEN J. ODDO
5060 Shoreham Place, Suite 300
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
E-mail: brobbins@robbinsllp.com
soddo@robbinsllp.com

*[Proposed] Co-Lead Counsel for Lead Plaintiff and Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Court's electronic mail notice list.

I also hereby certify that on August 15, 2023, I sent the foregoing via U.S. mail to:

Columbus Allen, Jr.
P.O. Box 4000
Vacaville, CA 95687
*Pro Se Plaintiff*

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed August 15, 2023.

/s/ Laurence M. Rosen
LAURENCE ROSEN